

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# USA v. Dorrier

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Dorrier" (2004). *2004 Decisions.* Paper 994.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/994

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1726

UNITED STATES OF AMERICA

v.

JOHN L. DORRIER, JR.,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 02-cr-00156)
District Judge: The Honorable William L. Standish

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2004

Before: NYGAARD and FUENTES, Circuit Judges
O'NEILL*, District Judge

(Filed : February 19, 2004)

_____

*Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

O'NEILL, <u>District Judge</u>

Appellant John L. Dorrier, Jr. appeals the District Court's decision not to grant a downward sentencing departure. Dorrier asserts that the District Court misunderstood the sentencing guidelines and mistakenly concluded that it had no authority to grant a downward departure based on family responsibilities. We conclude that the District Court in fact considered the possibility of reducing appellant's sentence because of his family circumstances but determined that the circumstances were not sufficiently extraordinary to warrant a downward departure. We therefore lack jurisdiction to review the District Court's decision not to grant a departure and will affirm

**I.**

Because we write only for the parties, our factual summary is brief. On November 14, 2002, Dorrier pled guilty to one count of embezzlement from a labor union in violation of 29 U.S.C. §501(c); one count of making, uttering and possessing forged securities in violation of 18 U.S.C. § 513(a); and one count of corrupt interference with the administration of the tax laws in violation of 26 U.S.C. § 7212(a). Dorrier, a senior shop business agent for Operating Engineers Local Union 66, organized informational picketing activities and prepared picket expense vouchers so that picketers could be paid.

2

He abused his role however and filed 976 false picket vouchers in 104 different names. He then forged the names of the payees on the checks issued by the union so that he could cash them and deposit them in his bank account, thus illegally obtaining a total of $137, 645. Dorrier used Social Security numbers of other people on picket expense vouchers and checks to avoid the payment of income taxes. Upon questioning, he admitted his forgeries to union officials and also admitted to trying to ensure that the total picket expense checks for any one individual did not exceed $600, the threshold amount for which the IRS required a 1099 form.

The government agreed to recommend a two-level reduction in Dorrier's offense level for acceptance of responsibility in accordance with Section 3E1.1 of the sentencing guidelines. With a resulting offense level of 13 and a criminal history category of I, Dorrier's guideline range of imprisonment was from 12 to 18 months.

Dorrier filed a presentence memorandum requesting a downward departure pursuant to U.S. Sentencing Guidelines Section 5H1.6 based on his allegedly extraordinary family responsibilities. During the sentencing hearing, counsel for Dorrier argued his incarceration would cause a hardship on his wife who was in poor health, suffering from diabetes, hypertension and several other conditions, and in need of assistance with basic daily tasks such as walking and bathing. The District Court found it "regrettable" that Dorrier's wife was ill and recognized that he had been her primary caretaker. The Court also found that Dorrier's wife had one son who worked in the area

3

and might be available to help her despite long work hours and another son who would be released from incarceration "very soon" and might also contribute to her care. Despite Dorrier's loss of income from incarceration and the aforementioned circumstances, the District Court found that the family circumstances were not so extraordinary as to warrant a decrease in Dorrier's sentence.

The Court imposed a sentence of twelve months and one day on each of the counts of conviction, with the sentences to run concurrently. Dorrier subsequently filed a timely notice of appeal.

## II.

The Court of Appeals "lack[s] jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996). According to Dorrier, however, the applicable standard of review is plenary because the District Court misunderstood the sentencing guidelines and mistakenly concluded it had no authority to grant a downward departure based on his extraordinary family circumstances. This was not the District Court's finding. A review of the record shows that, rather than finding that it could not grant a downward departure, the District Court merely concluded that the facts of Dorrier's case did not warrant a reduction in his sentence. A clearly discretionary determination by the District Court is *not* reviewable. *United States v. Sally*, 116 F.3d 76, at 78 (3d Cir. 1997). We therefore lack jurisdiction to review appellant's

case.

Dorrier's argument stems from this statement by Judge Standish at sentencing: "I don't feel that I can grant a downward departure, given the circumstances of this case."[1] While not as clear as a statement, for example, that "I recognize my authority to depart from the sentencing guidelines, but exercise my discretion not to do so based on the facts of this case," these magic words are not required. *See United States v. Georgiadis*, 933 F.2d 1219, 1223 (3d. Cir. 1991) ("[W]e conclude that the Sentencing Reform Act does not require a district court to state that it has considered, and refused to make a discretionary downward departure.").

Appellant argues that the sentencing ruling is ambiguous and it is unclear whether the denial of the departure was based on legal or discretionary grounds thus requiring the sentence be vacated and the case remanded for resentencing. *See, e.g., United States v. Powell*, 269 F.3d 175, 179-80 (3d Cir. 2001) (remanding the case for clarification of the district court's rejection of defendant's motion for a downward departure where no ruling was made on the motion); *United States v. Evans*, 49 F.3d 109, 111-12 (3d Cir. 1995) (finding the district court's statement that "I hold that I do not have the power to apply a

---

[1] This statement does not clearly indicate that the District Court believed it lacked discretion to grant a downward departure. Contrast *United States v. Dominguez*, 296 F.3d 192, 199 (3d Cir. 2002) (internal quotation marks omitted), where the district court stated on the record that it was "inclined to depart . . . but felt that it lacked discretion to do so." There we held that the district court's conclusion that it lacked discretion to grant a downward departure based upon family circumstances was in error. *Id.* at 193-94.

5

lesser guideline or to make a downward departure" sufficiently ambiguous to require vacating the sentence and remanding where defendant's actions could satisfy the departure requirements); and *United States v. Mummert*, 34 F.3d 201, 205-06 (3d Cir. 1994) (vacating and remanding because the record did not make clear whether the district court's denial of departure was based on legal or discretionary grounds). *Contra United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000) (finding "that the district court's comments were not sufficiently ambiguous as to require vacatur and remand"). However, when read in context, there is no ambiguity here. It is clear that Judge Standish's statement is an acknowledgment that there is nothing "extraordinary" about Dorrier's situation that could justify a downward departure and not a statement of doubt as to his authority to grant a downward departure.

If Judge Standish believed that the option of granting a downward departure for extraordinary family circumstances was unavailable, it is unlikely he would have taken the time to investigate appellant's circumstances. Instead he noted that Dorrier had submitted letters from his wife and from her doctor detailing her health problems including diabetes, hypertension, morbid obesity, and generalized osteoarthritis. Judge Standish further asked counsel for appellant and the government to elaborate on the motion for downward departure at the sentencing hearing.

In *United States v. Sweeting*, 213 F.3d 95 (3d Cir. 2000), we considered whether a downward departure was appropriate under Section 5H1.6 due to a defendant's

6

extraordinary family ties and responsibilities. Noting that Section 5H1.6 of the Guidelines provides that family ties and responsibilities are "not ordinarily relevant" in determining an offender's sentence, we found that sentencing departures based on the existence of such ties and responsibilities are "discouraged" and should occur "only in exceptional cases." *Id.* at 99 (citations and internal quotations omitted). We reversed the district court's decision granting a departure from the sentencing guidelines where the defendant was a single mother and sole provider for five children including one who suffered from Tourette's Syndrome, a substantial neurological disorder. Nothing in the record indicated that Sweeting, although a single parent, was "irreplaceable" and nothing suggested the type of care that her son required was "so unique or burdensome that another responsible adult could not provide the necessary supervision and assistance in Sweeting's absence." *Id.* at 104-05.

Nothing in the record here indicates that appellant is an indispensable caretaker for his wife or that his family circumstances are otherwise extraordinary. Dorrier argued that without his care and income, Mrs. Dorrier would be the one who suffered most from his incarceration. Nothing in the record, however, suggests that he is the only person who could provide his wife with the care she may require. Even though a person may need one-on-one care, it "does not lead to the conclusion that [the appellant] is the only person capable of providing it." *Sweeting*, 213 F.3d at 109. Dorrier failed to offer evidence that his wife's needs were so unique or extensive that another adult could not care for her

7

while he was incarcerated. Family disruption and loss of income are a common, rather than extraordinary, outcome when a family member is incarcerated.

After considering appellant's circumstances, the District Court concluded that there was nothing extraordinary about Dorrier's family responsibilities to justify a downward departure. It did not, as appellant argues, fail to consider the possibility of granting a downward departure based on family circumstances.

### III.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.

8